IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN MORRISON<br>87 Park Street<br>Marshallville, Ohio 44645 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT** |
| ARTIFLEX MANUFACTURING, LLC<br>1425 East Bowman Street<br>Wooster, Ohio 44691 | )<br>)<br>)<br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| **Serve also:**<br>C T CORPORATION SYSTEM,<br>Statutory Agent<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, Ohio 43219 | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendant. | ) | |

Plaintiff, Susan Morrison, by and through undersigned counsel, as her Complaint against the Defendant, states and avers the following:

## PARTIES

1. Morrison is a resident of the city of Marshallville, county of Wayne, state of Ohio.

2. Artiflex Manufacturing, LLC ("Artiflex") is a foreign limited liability company that is licensed to conduct business in the state of Ohio with a business located at 1425 East Bowman Street, Wooster, Ohio 44691.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 in that Morrison is alleging federal law claims under 29 U.S.C. § 621 *et seq*.

4. All material events alleged in this Complaint occurred in Wayne County.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

6. Within 300 days of the conduct alleged below, Morrison filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2020-01542 against Artiflex.

7. On September 2, 2020, the EEOC issued and mailed a Notice of Right to Sue letter regarding Morrison's EEOC Charge of Discrimination.

8. Morrison has received a Notice of Right to Sue letter from the EEOC, in accordance with 42 U.S.C. 2000e-5(f)(1), which is attached hereto as Exhibit 1.

9. Morrison has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

10. Morrison filed this Complaint within 90 days of receiving the Notice of Right to Sue letter.

## FACTS

11. Morrison is a former employee of Artiflex.

12. Morrison was 58 years old at the time of her separation of employment from Artiflex.

13. On or around January 5, 1984, Morrison began working for Gertenslagers.

14. Artiflex took over operations of Gertenslager on or around May 9, 2011.

15. In or around 2016, Artiflex promoted Morrison to supervisor in the Salvage Department.

16. Artiflex transferred Morrison to the Salvage Department for her positive work performance.

17. Morrison worked for Artiflex in its Wooster, Ohio facility.

18. As a supervisor, Morrison supervised multiple employees.

19. As a supervisor, Morrison had the ability to discipline her employees.

20. Artiflex employed Chris Travis as a supervisor.

21. Travis was Morrison's supervisor.

22. As a supervisor, Travis had the ability to discipline Morrison.

23. As a supervisor, Travis had the ability to hire/fire Morrison.

24. In 2018, Travis asked Morrison about her retirement plans on multiple occasions.

25. Travis asked Morrison about her retirement plans at least five times.

26. Travis asked Morrison about her retirement plans because she was older.

27. Travis treated Morrison differently than other similarly-situated employees because of her age.

28. Travis did not ask younger employees about their retirement plans.

29. Travis constantly interfered with Morrison when she tried to discipline the employees she supervised.

30. Travis did not interfere with significantly younger supervisors when those supervisors disciplined subordinate employees.

31. Travis constantly interfered with Morrison when she tried to discipline the employees she supervised in an effort to make Morrison look as if she could not control her employees.

32. Toward the end of 2019, Morrison Artiflex hired multiple new employees.

33. When Artiflex hired multiple new employees in the end of 2019, it also separated the employment of multiple individuals over the age of 40.

34. Artiflex terminated Charlie Moore, Supervisor at Tool Room, on or about Summer of 2019.

35. Moore was approximately 55-59 years old at the time of his separation of employment.

36. Artiflex terminated Nancy Vance, Supervisor of the office personnel, on or about Summer of 2019.

37. Vance was approximately 55-59 years old at the time of her separation of employment.

38. Artiflex terminated Brian Flickinger, Superintendent, on or about Summer of 2019.

39. Flickinger was approximately 55-59 years old at the time of his separation of employment.

40. Artiflex terminated Dusty Cover, office personnel, on or about Summer of 2019.

41. Cover was approximately 55-59 years old at the time of his separation of employment.

42. Artiflex terminated Dan Braun, Set-Up Supervisor, on or about Summer of 2019.

43. Braun was approximately 55-59 years old at the time of his separation of employment.

44. Artiflex terminated Twanda Tish, Production Supervisor, on or about Summer of 2019.

45. Tish was approximately 55-59 years old at the time of her separation of employment.

46. Artiflex terminated Dave Miller, office personnel, on or about Summer of 2019.

47. Miller was approximately 55-59 years old at the time of his separation of employment.

48. Artiflex terminated Sonja Mendes, office personnel, on or about Summer of 2019.

49. Mendes was approximately 55-59 years old at the time of her separation of employment.

50. Artiflex terminated Amber Whitacre, office personnel, on or about Summer of 2019.

51. Whitacre was approximately 55-59 years old at the time of her separation of employment.

52. Artiflex terminated Jen Icenhour, office personnel, on or about Summer of 2019.

53. Icenhour was approximately 55-59 years old at the time of her separation of employment.

54. Artiflex terminated Cody Walk, Supervisor, on or about Summer of 2019.

55. Walk was approximately 55-59 years old at the time of his separation of employment.

56. In September 2019, Artiflex announced that it was going in a "new direction."

57. This "new direction" entailed terminating several people.

58. All of the employees terminated for the "new direction" were all around Morrison's age.

59. Upon information and belief, when Artiflex stated it was going a "new direction," it meant that it was hiring significantly younger employees to replace significantly older employees.

60. Artiflex terminated Morrison's employment on or around October 28, 2019.

61. Travis made and/or participated in the decision to terminate Morrison's employment.

62. Artiflex alleges it terminated Morrison due to performance issues.

63. Artiflex's reason for terminating Morrison was pretextual.

64. At the time of termination, Morrison was qualified to perform all essential job duties.

65. At the time of termination, Morrison was adequately performing all essential job duties.

66. Artiflex terminated Morrison because of her age.

67. Artiflex terminated Morrison with the intent to hire a younger employee.

68. Artiflex's termination of Morrison's employment permitted the retention and/or hiring of individual(s) who were significantly younger than Morrison and/or not belonging to a protected class due to age.

69. Upon information and belief, Artiflex has a progressive disciplinary policy.

70. Prior to terminating Morrison's employment, Artiflex had not issued Morrison any written discipline.

71. Prior to her termination, all of Morrison's evaluations were positive.

72. Even as recently as a month before her termination, Morrison's evaluation was positive.

73. Even as recently as a month before her termination, there were no conversations with Morrison that her performance was lacking.

74. Artiflex violated their own progressive disciplinary policy when it terminated Morrison's employment.

75. Upon information and belief, Artiflex does not violate its own progressive disciplinary policy when terminating the employment of significantly younger employees.

76. Artiflex terminated Morrison's employment in violation of its progressive disciplinary policy because of her age.

77. As a direct and proximate result of Artiflex's conduct, Morrison has suffered and will continue to suffer damages.

78. As a result of being discriminated against on the basis of her age, Morrison suffered emotional distress.

## **COUNT I: AGE DISCRIMINATION IN VIOLATION OF 29 U.S.C. § 621 et seq.**

79. Morrison restates each and every prior paragraph of this complaint, as if it were fully restated herein.

80. Morrison was 58 years old at the time of her separation of employment at Artiflex.

81. At all times relevant, Morrison was a member of a statutorily-protected class under the Age Discrimination Act ("ADEA") 29 U.S.C. § 621 *et seq*.

82. Artiflex treated Morrison differently from other similarly situated employees based on her age.

83. Morrison was fully qualified for her position and employment with Artiflex.

84. Artiflex treated Morrison less favorably than similarly-situated, significantly younger employees.

85. Artiflex treated Morrison less favorably than similarly-situated, significantly younger employees because of her age.

86. Morrison, at age 58, was a member of a statutorily-protected class under 29 U.S.C. § 621 *et seq*. at the time she was terminated from her employment with Artiflex.

87. Morrison was terminated from her employment on or around October 28, 2019.

88. Artiflex terminated Morrison's employment because of her age.

89. Upon information and belief, Morrison's position was filled by person(s) outside of Morrison's protected class under 29 U.S.C. § 621 *et seq.*

90. Artiflex violated 29 U.S.C. § 621 *et seq.* by discriminating against Morrison based on her age.

91. Artiflex's termination of Morrison's employment permitted the retention and/or hiring of individual(s) who were significantly younger than Morrison.

92. As a direct and proximate result of Artiflex's conduct, Morrison suffered and will continue to suffer damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Susan Morrison requests judgment against Artiflex and for an Order:

a. Ordering Artiflex to restore Morrison to one of the positions to which she is entitled by the virtue of her application and qualifications, and expunger her personnel file of all negative documentation;

b. Awarding damages, including actual, economic, non-economic, general, special, incidental, statutory, punitive, treble, liquidated, and consequential to Plaintiff in an amount in excess of $ 25,000 to be determined at trial;

c. Awarding Plaintiff damages for the mental anguish and distress caused by Artiflex's unlawful conduct as described in Count I in excess of $ 25,000;

d. An award of punitive damages against Artiflex in an amount in excess of $ 25,000;

e. Awarding pre-judgment and post-judgment interest as provided by law;

f. Awarding reasonable attorneys' fees and costs; and

g. Awarding such other and further relief that this Court deems appropriate.

Respectfully submitted,

/s/ *Daniel S. Dubow*
Brian D. Spitz (0068816)
Daniel S. Dubow (0095530)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email:  brian.spitz@spitzlawfirm.com
          daniel.dubow@spitzlawfirm.com

*Attorneys For Plaintiff*

## JURY DEMAND

Plaintiff Susan Morrison demands a trial by jury by the maximum number of jurors permitted.

/s/ *Daniel S. Dubow*
Brian D. Spitz (0068816)
Daniel S. Dubow (0095530)
**THE SPITZ LAW FIRM, LLC**